# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

In re: )
)
Sharon Wiliams, ) Case No.: 03-11263-BGC-13
)
      Debtor. )

## ORDER

      The matter before the Court is the debtor's <u>Objection to Claim</u> filed on April 14, 2005. The debtor's objects to claim number 8 of Mortgage Electronic Registration Systems, Inc. in the amount of $1,547.54. After notice, a hearing was held on May 17, 2005. Appearing were the debtor and her husband; Harold Ackerman for the debtor; Jim Greer for Daniel Feinstein, the attorney for Mortgage Electronic; and Charles King, the Assistant Chapter 13 Trustee.

## I. Background

      On November 16, 2004, Mortgage Electronic filed a <u>Motion for Relief from Stay and Co-Debtor Stay</u>. After notice, a hearing was held on February 15, 2005. Appearing were the debtor; Mr. Ackerman; Mr. Greer; and Mr. Sims Crawford, the Chapter 13 Trustee. The hearing was continued by agreement to March 8, 2005.

      The March 8, 2005, hearing was held. Appearing were Mr. Ackerman; Mr. Greer; and Mr. Crawford. The hearing was continued by agreement to March 29, 2005.

      The March 29, 2005, hearing was held. Appearing were Mr. Ackerman; Mr. Greer and Mr. Crawford. At the hearing, Mr. Greer represented to the Court that the account was current except for the attorney fees and costs associated with the filing of the motion. Mr. Greer also stated to the Court that Mr. Ackerman would be objecting to the fees and costs, because the debtor believed she had been current on her mortgage payments.[1] Based on the representations of counsel, the Court entered an order on

---

      [1] As a legal matter, a claimant is not entitled to a fee for unnecessary services or for services rendered necessary by the sole or contributing wrong of the other party...." <u>Kennedy v. Sorsby</u>, 209 Ala. 188, 95 So. 891, 893 (1923) (emphasis added). The "employment of an attorney must be in good faith and for the purposes provided by the contract." <u>Id</u>. "Good faith" means that, "the party claiming the right to attorney's fees, pursuant to a contract, acted reasonably in employing counsel; and... the services, for which attorney's fees are claimed, [were] reasonable under the circumstances." <u>King v. Calvert & Marshall Coal Co.</u>, 362 So.2d at 893 (parenthetical added) (emphasis added). As a matter of both Alabama law and bankruptcy law, reimbursement may be authorized only in an amount that is reasonable for the services

March 31, 2005, denying the motion as to the debtor and co-debtor. The Court allowed the movant to file a claim for any arrearage.

On April 13, 2005, Mortgage Electronic filed Claim No. 8 for $1,547.54. On April 14, the debtor filed an objection to the claim.

At the hearing on May 17 on the debtor's objection to Claim No. 8, informal representations were made to support the parties' positions. After hearing those representations, the Court encouraged the debtor to present evidence at a formal hearing. The Court gave the parties the option of presenting that evidence later in the day, or on another day. The Court's offer was rejected. The debtor asked the Court to decide the matter based on the record.

The evidence in the record is very limited; however, there is sufficient evidence to resolve the specific matter before the Court.[2]

## II. Objection to Claim

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure reads, "A proof of claim filed in accordance with the rules constitutes prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). Courts have consistently interpreted this clear language to mean:

---

rendered. See Twickenham Station, Inc. v. Beddingfield, 404 So.2d 43 (Ala. 1981); King v. Calvert & Marsh Coal Co., Inc., 362 So.2d 889 (Ala. 1978); Pizitz-Smolian Co-op. Stores v. Randolph, 221 Ala. 458, 129 So. 26 (Ala. 1930); Kennedy v. Sorsby, 209 Ala. 188, 95 So. 891 (Ala. 1923); Richards v. Bestor, 90 Ala. 352, 8 So. 30 (Ala. 1890). See also this Court's order in In re Health Science Products, 191 B.R. 895, 910 n.20 (Bankr. N.D. Ala. 1995)(applying Alabama law).

[2] That record consists of the Court's records only. But, the Court may take judicial notice of its own records, see Rule 201, Federal Rules of Evidence and Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir.1975), and may take judicial notice of the documents in the debtor's file. See Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925) (court may take judicial notice of and give effect to its own records in another, but interrelated, proceeding, so that district court could take judicial notice of pendency of application for discharge in prior bankruptcy proceedings and thereby preclude discharge in a second voluntary proceeding in respect to the same debts as listed in first proceeding); Cash Inn of Dade, Inc. v. Metropolitan Dade County, 938 F.2d 1239 (11th Cir.1991) (district court may take judicial notice of public records within its files relating to particular case before it or to other related cases); ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir.1981) (court may take judicial notice of its own records or of those of inferior courts); Kinnett Dairies, Inc. v. Farrow, 580 F.2d 1260 (5th Cir.1978) (trial court did not err in taking judicial notice of materials in court's own files from prior proceedings).

> A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. See Fed.R.Bankr.P. 3001(f). To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir.1992). See also In re Giordano, 234 B.R. 645, 650 (Bankr.E.D.Pa.1999).

In re Reilly, 245 B.R. 768, 773 (2nd Cir. BAP 2000) aff'd 242 F.3d 367.

This Court agrees, as does another division of this Court where that division explained:

> A proof of claim filed in accordance with the rules constitutes prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f); In re Fullmer, 962 F.2d 1463 (10th Cir.1992); Green Tree Acceptance Inc. v. Calvert (In re Calvert), 907 F.2d 1069, 1071 n. 1 (11th Cir.1989); Matter of Fidelity Holding Co., Ltd., 837 F.2d 696, 698 (5th Cir.1988). This evidence places on the party disputing the claim the burden of going forward with evidence of probative force equal to that of the allegations of the claimholder's claim. In re VTN, Inc., 69 B.R. 1005, 1008 (Bankr.S.D. Fla.1987); In re Wells, 51 B.R. 563, 566 (D.Colo.1985); Matter of Townview Nursing Home, 28 B.R. 431 (Bankr.S.D.N.Y.1983); In re Breezewood Acres, Inc., 28 B.R. 32 (Bankr.M.D.Pa.1982). If the objecting party fails to offer sufficient evidence to overcome the evidentiary effect of the properly filed proof of claim, the objection will be denied and the claim will be allowed as filed. Matter of Texlon, 28 B.R. 525 (Bankr. S.D.N.Y. 1983); In re Trending Cycles for Commodities, Inc., 26 B.R. 350, 351 (Bankr.S.D.Fla.1982).

In re Britt, 199 B.R. 1000, 1008 (Bankr. N.D. Ala. 1996) (footnote omitted).

The court in In re Nantucket Aircraft Maintenance Co., Inc., 54 B.R. 86, 88 (Bankr. D. Mass. 1985) explains the process if the objecting party successfully presents evidence against the claim that would overcome the prima facie evidence of the validity of the claim. That court wrote:

> A proof of claim constitutes prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Bankruptcy Rule 3001(f); L. King, 3 Collier on Bankruptcy, ¶ 502.01, at 502-16 (15th ed. Supp.1984). When an objection to the claim is made the objecting party carries the burden of going forward with evidence showing facts tending to defeat the claim but not the burden of ultimate persuasion. Id. at 502-17. The burden of persuasion always remains on the claimant and, therefore, once there is evidence as to the invalidity of the claim, the burden rests on the claimant to introduce rebutting evidence. Id. at 502-18.

3

Based on the evidence in the record, the Court finds that Claim No. 8 for $1,547.54 was filed in accordance with the Bankruptcy Rules and therefore the claim constitutes prima facie evidence of its validity and amount. At the hearing on May 17, the claimant's counsel agreed that the claim should be reduced to $550.

In contrast, the debtor did not offer any evidence other than that which the record already contained and there is no evidence in that record to refute any allegation essential to the claim. Consequently, no proof was offered to overcome the prima facie evidence of the validity of Claim No. 8.

Therefore, based on the evidence that Claim No. 8 is valid, and the fact that the debtor did not offer sufficient evidence to overcome the evidentiary effect of the properly filed proof of claim, the objection will be denied and the claim will be allowed.

Based on the above, the debtor's Objection to Claim of Mortgage Electronic Registration Systems, Inc. is **OVERRULED**. Claim No. 8 is **ALLOWED** for $550.00.

This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: June 1, 2005  /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:pb